**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Hiatt, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>United States of America, et al.,<br><br>  Defendants. | No. CV-20-02247-PHX-MTL<br><br>**ORDER** |

The matter before the Court is the United States of America's Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 21.) The Second Amended Complaint names a single plaintiff, Daily Express, Inc. It seeks relief in the form of a declaratory judgment that the United States is [i] limited in its statutory right to recover funds paid to medical providers unaffiliated with the United States Department of Veterans Affairs ("VA") for medical services provided to non-party James Marsh under the Federal Medical Care Recovery Act ("FMCRA"), 42 U.S.C. §§ 2651–2653, and [ii] prohibited from recovering those funds from Daily Express under 38 U.S.C. § 1729. (Doc. 20 at 9.)

**I.**

The following facts are taken from the Second Amended Complaint. While operating his motorcycle, Mr. Marsh was injured in an accident with a motor vehicle owned by Daily Express. (Doc. 20 ¶ 28.) Mr. Marsh has filed claims against Daily Express. (*Id*. ¶ 34.) The VA either provided medical care or paid non-VA providers for care on Mr. Marsh's behalf. (*Id*. ¶¶ 10, 28, 31.) The Second Amended Complaint also alleges that the

VA now asserts, against Daily Express, statutory rights to recover funds that it paid for Mr. Marsh's care and treatment. (*Id*. ¶ 8.) Particularly, it avers that Mr. Marsh was treated at Kingman Regional Medical Center, a non-VA hospital. (*Id*. ¶ 28.) The VA paid $88,503.00 for services provided by the medical center to Mr. Marsh, representing the total value of the facility's services. (*Id*. ¶¶ 28, 30.) According to the Second Amended Complaint, however, the VA is asserting a right to recover more money than it paid for these services, $123,797. (*Id*. ¶ 30.) Mr. Marsh was also treated at Hualapai Home Health Care. (*Id*. ¶ 31.) The Second Amended Complaint alleges that the VA is asserting a right to recover $562.70 for these services, despite it not paying for any treatment at this institution. (*Id*. ¶ 33.)

## II.

### A.

Insofar as Daily Express requests a declaratory judgment under 38 U.S.C. § 1729, that claim will be dismissed for lack of subject matter jurisdiction. That statute provides the United States with a right to recover reasonable, non-service-connected disability care or services payments from "a third party." 38 U.S.C. § 1729(a)(1). The term "third party" is defined to include four enumerated categories. *Id*. § 1729(i)(3). Daily Express does not qualify as any of them. As a result, the United States has disavowed any recovery right. In its Motion to Dismiss, the United States recognizes that "section 1729's definition of a 'third party' from whom the United States has a right to recover . . . does not include a person liable in tort for a veteran's injury, such as Daily Express." (Doc. 21 at 9.) Daily Express concedes that this issue is now moot and that its claims based on § 1729 should be dismissed. (Doc. 23 at 2.)

### B.

"[T]he basic purpose of the Medical Care Expense Recovery Act is to allow the federal government to recover from third party wrongdoers the value of medical care which is provided to injured persons." *United States v. Haynes*, 445 F.2d 907, 908 (5th Cir. 1971). The statute provides for recovery from third parties responsible for "creating a tort liability . . . the reasonable value of the care and treatment so furnished, to be furnished,

paid for, or to be paid for . . . ." 42 U.S.C. § 2651(a). As an alleged tortfeasor, Daily Express is subject to a recovery action instituted by the federal government. *Id*. In its Motion to Dismiss, the United States argues that dismissal of Daily Express' declaratory relief claims is appropriate because the sought-after relief [i] is unripe; [ii] is not appropriate subject matter for the Declaratory Judgment Act; and [iii] conflicts with the applicable statutory text and the regulatory code. (Doc. 21 at 2.)

**1.**

Under the Declaratory Judgment Act, "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (quoted in *Shell Gulf of Mexico Inc. v. Center for Biological Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014)). "Congress created this remedy, in part, to allow potential defendants to file preemptive litigation to determine whether they have any legal obligations to their potential adversaries. Filing a preemptive declaratory judgment action benefits potential defendants by relieving them 'from the Damoclean threat of impending litigation which a harassing adversary might brandish[.]'" *Shell Gulf of Mexico Inc.*, 771 F.3d at 635 (quoting *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir.1990)) (internal citation omitted). Notwithstanding the nature of the Act itself, Congress did not, and cannot, override fundamental Article III justiciability principles, including the ripeness doctrine.* For these reasons, "[t]o determine whether a declaratory judgment action presents a justiciable case or controversy, courts consider 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id*. (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

The Motion to Dismiss argues that Daily Express' request for declaratory relief

---

* "The ripeness doctrine, which aims to avoid premature and potentially unnecessary adjudication, 'is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.'" *Ass'n of Irritated Residents v. U.S. Envtl. Prot. Agency*, 10 F.4th 937, 944 (9th Cir. 2021) (quoting *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003)).

relating to § 2651 is not ripe because the VA itself lacks authority to initiate legal proceedings against a tortfeasor. According to a declaration supporting the Motion to Dismiss, the agency must "refer the matter to the Department of Justice, which has the authority to make the ultimate determination as to whether legal action is appropriate and, if so, undertake such action." (Doc. 21-1 at 2 ¶ 5 (Declaration of Mark D. Gore).) The declaration states further that prior to engaging the Department of Justice, the VA attempts to "settle, compromise, or waive the amount of claims asserted under the FMCRA." (*Id*. ¶ 4.) It concludes that the "VA has not engaged the Department of Justice to evaluate any potential legal enforcement of the FMCRA claim asserted against Plaintiff." (*Id*. ¶ 6.) Daily Express opposes the Motion because, even if the matter has not been handed over to the Department of Justice for legal action, a ripe controversy exists because the VA has demanded payment for amounts that Daily Express contends that it need not pay. (Doc. 23 at 1, 5–8.)

A motion to dismiss under the ripeness doctrine is asserted under Rule 12(b)(1), Fed. R. Civ. P., for lack of subject matter jurisdiction. *Temple v. Abercrombie*, 903 F. Supp. 2d 1024, 1030 (D. Haw. 2012). A court reviewing a motion to dismiss for lack of subject matter jurisdiction may consider evidence beyond the pleadings and may resolve jurisdictional-related factual disputes without converting the motion to one for summary judgment. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1998).

The Court agrees with Daily Express. Simply because the VA has not referred this controversy to the Department of Justice for legal action does not mean that the matter is not yet ripe for review under the Declaratory Judgment Act. The Second Amended Complaint alleges that the VA is now demanding payment from Daily Express under the FMCRA. (Doc. 20 at 5–7 ¶¶ 26–37.) The VA does not dispute this and the supporting declaration states clearly, "[a]s to the care related to this incident for which VA paid, VA has asserted its right to seek reimbursement from Plaintiff, due to Mr. Marsh's care having been made necessary due to Plaintiff's tortious actions." (Doc. 21-1 at 1 ¶ 3.) The gist of the Second Amended Complaint is Daily Express' contention that the VA's collection

rights are limited to the actual amounts that it paid for Mr. Marsh's treatment. (Doc. 20 at 10 ¶ F.) Daily Express also argues that the VA's collection rights may be limited also based on equitable apportionment and state-law comparative fault principles. (Doc. 20 at 8–9 ¶¶ 48–56.) Despite there not being active litigation, the Damoclean threat of future legal action precariously hangs over Daily Express. *See Shell Gulf of Mexico Inc.*, 771 F.3d at 635. A judicial determination of the issues presented will define "the rights and other legal relations" of the parties at least for any pre-litigation conciliation efforts. *See* 28 U.S.C. § 2201(a). For these reasons, the Court finds that the issues presented here are ripe for judicial review.

**2.**

The Motion next argues that prudential restraint should apply and this Court should decline considering Plaintiff's request for declaratory relief. *See United States v. State of Wash.*, 759 F.2d 1353, 1357 (9th Cir. 1985) ("Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties."). Here, the United States argues that declaratory relief in favor of Daily Express will not terminate the controversy because the VA will still have the right to proceed with a FMCRA collections action. (Doc. 21 at 15–17.) That is, no matter the outcome, it will not resolve the central question of whether Daily Express is liable as a tortfeasor. The Court finds that exercising discretion to consider Daily Express' Declaratory Judgment Act claims is appropriate for the same reasons expressed above.

**3.**

The Motion argues that the Second Amended Complaint should be dismissed because it fails to state a claim for relief. When considering a motion to dismiss for failure to state a claim, the Court must take all well-pleaded allegations as true and construe them in the light most favorable to Plaintiff. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable

legal theory." *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

The Motion explains that § 2651(a) authorizes that the United States—specifically here, the VA—may recover "the reasonable value of the care and treatment" provided. (Doc. 21 at 2.) This, according to the Motion, includes care and treatment that has been "paid for." (*Id.* at 10.) The statute does not define "reasonable value," but the United States maintains that a regulation promulgated by the VA Secretary fills in that gap. (*Id.*) Under 38 C.F.R. § 17.101(a)(7), "[w]hen medical care or services are furnished at the expense of the VA by non–VA providers, the charges billed for such care or services will be the charges determined according to this section." On its face, this provision only applies to collections or recoveries under 38 U.S.C. § 1729, which is no longer at issue. The United States points to a note at the end of § 17.101's text that instructs, "[t]he charges generated by the methodology set forth in this section are the same charges prescribed by the Office of Management and Budget for use under the Federal Medical Care Recovery Act, 42 U.S.C. 2651-2653." (Doc. 21 at 4 n.1.); *see also* Charges to Tortiously Liable Third Parties for Hospital, Medical, Surgical, and Dental Care and Treatment Furnished by the United States (Department of Veterans Affairs), 69 Fed. Reg. 1062-01 (Jan. 7, 2004) ("[T]he charges to tortiously liable third parties for hospital, medical, surgical, and dental care and treatment . . . furnished by the Department of Veterans Affairs are the 'reasonable charges' generated by the methodology set forth in 38 CFR 17.101."). Thus, according to the Motion, the VA's payment demands align with the methodology for determining the reasonable value of the services provided to Mr. Marsh.

Daily Express argues that the term "reasonable value" in § 2651(a) and the VA's regulations apply only to circumstances where a VA-affiliated hospital or other medical institution furnishes care or treatment. That is, in a situation involving a VA institution, there are no medical bills to be paid. (Doc. 23 at 2–4.) The cost of treatment is subsumed within the VA's operating budget. (*Id.*) The regulations assign dollar values to VA-provided services to recoup costs from third-party tortfeasors. (*Id.*) When the VA pays for medical care provided by a non-VA institution, the agency is limited to recouping the actual

- 6 -

amounts paid. (*Id.*) According to Daily Express, therefore, the concept of reasonable value does not apply to the controversy at hand. (*Id.*)

Daily Express also argues that the Director of the VA may not have Congressionally delegated power to promulgate the 38 C.F.R. § 17.101. According to Daily Express, "[w]hen it passed the FMCRA, Congress granted **the President**—not the Director of the VA—authority to prescribe regulations to administer the FMCRA, including establishing rates for care furnished at military facilities." (*Id.* at 4.)  But Daily Express also maintains that 38 C.F.R. § 17.101 applies only to care provided at military facilities, not non-VA-affiliated medical institutions such as those that treated Mr. Marsh. (*Id.*)

Daily Express' prior complaint mounted a direct challenge to the rate-setting formula in 38 C.F.R. § 17.101. In granting the United States' previous motion to dismiss, this Court ruled that the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction under 38 U.S.C. § 502 to review that issue. (Doc. 13 at 8.) The Court finds that Daily Express' argument that 38 C.F.R. § 17.101 does not apply here is substantively indistinguishable from its prior legal theory. *Compare* (Doc. 1 ¶¶ 20, 71–72, 77, 97–98, 101), *with* (Doc. 23 at 2–5.) Considering substance over form, Daily Express objects to the VA's longstanding interpretation of § 2651(a). (Doc. 23 at 2–5.) More to the point, Daily Express challenges the VA's practice of recouping costs under the rate-setting formula promulgated in 38 C.F.R. § 17.101. (*Id.* at 4–5.) As explained in this Order, the regulation's endnote makes clear that FMCRA recoupments against third-party tortfeasors follow the same rate determination schedule. This entire scheme represents agency rulemaking within the Federal Circuit's exclusive jurisdictional domain. *See Preminger v. Principi*, 422 F.3d 815, 821 (9th Cir. 2005). The result is that this Court lacks jurisdiction to entertain the Second Amended Complaint.

### III.

Accordingly, **IT IS ORDERED:**

1. The Motion to Dismiss (Doc. 21) is **granted**. The Second Amended Complaint is dismissed without prejudice to refiling in the United States Court of Appeals

for the Federal Circuit.

2. To the extent that the Second Amended Complaint seeks declaratory relief relating to 38 U.S.C. § 1729, the Motion to Dismiss is **granted**. Those claims are dismissed, with prejudice, as moot.

3. The Clerk is directed to enter Judgment in accordance with this Order.

Dated this 30th day of November, 2021.

Michael T. Liburdi
United States District Judge